Peter H. Barlow, #7808
pbarlow@strongandhanni.com
Casey W. Jones, #12133
cjones@strongandhanni.com
**STRONG & HANNI**
3 Triad Center, Suite 500
Salt Lake City, Utah 84111
Telephone: (801) 532-7080
Facsimile: (801) 596-1508

*Attorneys for Defendant*

---

### IN THE UNITED STATES DISTRICT COURT IN AND FOR
### THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., a Delaware corporation<br><br>Plaintiff,<br><br>v.<br><br>INTERMOUNTAIN FITNESS, LLC, a Utah limited liability company<br><br>Defendant. | **ANSWER**<br><br>Civil No.: 1:12-cv-00006-SA<br><br>Magistrate Judge Samuel Alba |

Defendant INTERMOUNTAIN FITNESS, LLC (herein "Intermountain") responds to the individually-numbered paragraphs of Plaintiff ICON HEALTH & FITNESS, INC.'s (herein "Plaintiff") Complaint in the above captioned action (the "Action") as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Intermountain answers the individually numbered paragraphs of Plaintiff's Complaint as follows:

## THE PARTIES

1. Intermountain is without information sufficient to either admit or deny the allegations set forth in paragraph 1 of the Complaint and on that basis denies the same.

2. Admit.

3. Intermountain denies that it has infringed upon Plaintiff's trademarks or that it has violated Sections 32 and 43 of the Lanham Act, Title 15 U.S.C. §§ 1114 and 1125 and on that basis denies the allegations set forth in paragraph 3 of the Complaint.

4. Intermountain denies that Plaintiff has stated a claim for unfair competition arising under Utah Code Ann. § 13-5a-101, *et seq*. and on that basis denies the allegations set forth in paragraph 4 of the Complaint.

5. Intermountain denies that Plaintiff has stated a claim for deceptive trade practices arising under Utah Code Ann. § 13-11a-1, *et seq*. and on that basis denies the allegations set forth in paragraph 5 of the Complaint.

6. Admit.

7. Intermountain admits that it has transacted business in the State of Utah and is subject to the jurisdiction of this Court. Intermountain affirmatively alleges and denies that it has not caused injury within the State of Utah and denies all other allegations set forth in paragraph 5 of the Complaint.

      8.      Admit.

## FACTUAL BACKGROUND

      9.      Intermountain is without information sufficient to either admit or deny the allegations set forth in paragraph 9 of the Complaint and on that basis denies the same. Plaintiff has provided no proof of its allegations set forth in paragraph 9 of the Complaint.

      10.      Intermountain is without information sufficient to either admit or deny the allegations set forth in paragraph 10 of the Complaint and on that basis denies the same. Plaintiff has provided no proof of its allegations set forth in paragraph 10 of the Complaint.

      11.      Intermountain is without information sufficient to either admit or deny the allegations set forth in paragraph 11 of the Complaint and on that basis denies the same. Plaintiff has provided no proof of its allegations set forth in paragraph 11 of the Complaint.

      12.      Intermountain is without information sufficient to either admit or deny the allegations set forth in paragraph 12 of the Complaint and on that basis denies the same.

      13.      Intermountain is without information sufficient to either admit or deny the allegations set forth in paragraph 13 of the Complaint and on that basis denies the same.

      14.      Paragraph 14 of the Complaint is a legal conclusion and on that basis Intermountain denies the allegations set forth in paragraph 14 of the Complaint.

      15.      Paragraph 15 contains a legal conclusions, and Section 22 of the Lanham Act, 15 U.S.C. § 1072 speaks for itself and on that basis Intermountain denies the same.

      16.      Intermountain denies each and every allegation set forth in paragraph 16 of the Complaint.

17. Intermountain denies each and every allegation set forth in paragraph 17 of the Complaint. Intermountain affirmatively alleges that public does not recognize the "I FIT" and "IFIT.COM" trademarks ("Plaintiff's Trademarks") and does associate products or services bearing Plaintiff's Trademarks with Plaintiff. The focus of Plaintiff's Trademarks is the word "fit." The word "fit" is short for the word "fitness." The word "fitness" is widely used with the type of goods and services Plaintiff purportedly uses its Trademarks in connection with. The widespread use of the words "fit" and "fitness" in the fitness goods and services category clearly demonstrates that the public does not associate Plaintiff's Trademarks with Plaintiff. Consequently, the word "fit" is an inherently weak or generic, and merely laudatory mark when applied to exercise or fitness services.

18. Intermountain affirmatively alleges that it offers personal training services in connection with its IMFIT trademark in the State of Utah but denies all other allegations set forth in paragraph 18 of the Complaint.

19. Intermountain denies each and every allegation set forth in paragraph 19 of the Complaint. Intermountain affirmatively alleges that its IMFIT mark is not confusingly similar to the Plaintiff's Trademarks. The marks are clearly distinct in sight, sound and impression.

20. Deny.

21. Deny.

22. Deny.

23. Intermountain admits that Plaintiff sent Intermountain a letter but denies all other allegations set forth in paragraph 23 of the Complaint.

24. Deny.

## FIRST CAUSE OF ACTION
### Federal Trademark Infringement, 15 U.S.C. § 1114

25. Intermountain realleges and incorporates by reference its responses to the preceding paragraphs, 1 through 24 above, as though fully set forth herein.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

## SECOND CAUSE OF ACTION
### False Designation of Origin, 15 U.S.C. § 1125(a)

32. Intermountain realleges and incorporates by reference its responses to the preceding paragraphs, 1 through 31 above, as though fully set forth herein.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

## THIRD CAUSE OF ACTION
### Infringement and Unfair Competition under Utah Code Ann. § 13-5a-101, *et seq*.

39. Intermountain realleges and incorporates by reference its responses to the preceding paragraphs, 1 through 38 above, as though fully set forth herein.

40. Deny.

41. Deny.

42. Deny.

## FOURTH CAUSE OF ACTION
### Deceptive Trade Practices under Utah Code Ann. § 13-11a-1, *et seq*.

43. Intermountain realleges and incorporates by reference its responses to the preceding paragraphs, 1 through 42 above, as though fully set forth herein.

44. Deny.

45. Deny.

46. Deny.

47. Deny.

48. Deny.

### THIRD AFFIRMATIVE DEFENSE

Intermountain denies each and every allegation set forth in the Complaint not expressly admitted herein.

### FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims against Intermountain may be barred by the applicable statute of limitations and/or the doctrines of laches, estoppel, and/or waiver.

**FIFTH AFFIRMATIVE DEFENSE**

Intermountain's IMFit mark is different in appearance, sound and commercial impression so that there is no confusion or likelihood of confusion with Plaintiff or Plaintiff's Trademarks.

**SIXTH AFFIRMATIVE DEFENSE**

There is no likelihood of confusion as to the source, sponsorship, or association of Intermountain's IMFit mark with Plaintiff's Trademarks.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Trademarks marks are not famous.

**EIGHTH AFFIRMATIVE DEFENSE**

Consumers do not associate Plaintiff's Trademarks with Plaintiff or Plaintiff's goods.

**NINTH AFFIRMATIVE DEFENSE**

Intermountain's IMFit mark does not create the impression that its goods are licensed, sponsored or approved by Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

Consumers are not likely to be confused between Intermountain's IMFIT mark and Plaintiff's Trademarks due to the conspicuous differences in the way they are presented to the public.

**ELEVENTH AFFIRMATIVE DEFENSE**

Intermountain does not market, advertise or promote its services bearing the IMFit mark through identical or similar channels of trade as used by Plaintiff to market, advertise or promote its goods.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff has suffered no harm and will suffer no harm from Intermountain's IMFit mark.

**THIRTEENTH AFFIRMATIVE DEFENSE**

There is no actual confusion in the minds of consumers between Intermountain's IMFit mark and Plaintiff's Trademarks.

**FOURTEENTH AFFIRMATIVE DEFENSE**

There is no confusion or likelihood of confusion between Intermountain's IMFit mark and Plaintiff's Trademarks due to the distinct difference in type of goods and services sold in connection with the marks.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Intermountain specifically reserves its right to amend its answers by way of adding additional affirmative defenses, counterclaims, cross-claims, or by instituting third-party actions.

WHEREFORE, having fully responded to the allegations set forth in Plaintiff's Complaint, Intermountain prays for judgment against Plaintiff and for an order that Plaintiff's Complaint be dismissed in its entirety with prejudice; for an award of reasonable attorneys' fees incurred in the defense of this action pursuant to the applicable law; and for such other further relief as is just and proper as determined by the Court.

Dated this 21st day of February, 2012.

        STRONG & HANNI

        */s/ Casey W. Jones*
        _____

        Peter H. Barlow
        Casey W. Jones
        *Attorneys for Defendant*

**MAILING CERTIFICATE**

I hereby certify that on this 21st day of February, 2012, a true and correct copy of the foregoing **ANSWER** was served on the following as indicated below:

| | | |
|---|---|---|
| David R. Wright | (X) | Electronic CM/ECF Notification |
| R. Parrish Freeman | ( ) | U.S. Mail, Postage Prepaid |
| Gregory E. Jolley | ( ) | Hand Delivered |
| WORKMAN NYDEGGER | ( ) | Overnight Mail |
| 1000 Eagle Gate Tower | ( ) | Facsimile |
| 60 East South Temple | ( ) | Email |
| Salt Lake City, Utah 84111 | | |
| *Attorneys for Plaintiff* | | |

*/s/ Casey W. Jones*

David R. Wright
R. Parrish Freeman
Gregory E. Jolley
WORKMAN NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111